IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:09Cr228 |
|---|---|---|
| v. | ) | |
| LLOYD MALLORY, | ) | [Trial: J. Ellis: 2-24-2010] |
| Defendant | ) | |

RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
INDICTMENT FOR FAILURE TO COMPLY WITH SPEEDY TRIAL ACT

On March 15, 2009, the defendant moved to dismiss the Superseding Indictment, claiming a violation of the Speedy Trial Act, 18 U.S.C. § 3161 et. seq., and that his trial "was required to begin, at the latest, by October 11, 2009." Two key facts undermine this claim. First, any delay in setting the trial dates in this case is properly excludable from the time limitations of the Speedy Trial Act as being needed to serve the ends of justice. Second, the entire time from the return of the Superseding Indictment to October 11, 2009, and beyond, was excludable due to the pendency of motions filed in the case. The government requests that the Court deny the motion.

On July 31, 2009, during the arraignment on the Superseding Indictment, and upon the request of the defendant and his co-defendants Michael Milan and Chris Evans, the Court set this case for trial beginning on December 1, 2009. This date was more than 70 days after the latter of the return of the indictment or the first appearance of the defendant and therefore contrary to the general rule of the Speedy Trial Act regarding timely trial dates. 18 U.S.C. § 3161(c)(1). Exemptions from the general rule apply here, however, and demonstrate that there was no violation.

1

One of these exemptions is that any delay needed to meet the ends of justice which also outweighs the public and the defendant's interests in a speedy trial is excludable from the speedy trial clock. Such delay exists in this case. During the arraignment on the Superseding Indictment, the Court heard extensive argument from the defense attorneys, including the defendant's, which described the voluminous discovery and the significant amount of time needed to review it. As counsel for the defendant stated in explaining his client's waiver of the speedy trial:

> The nature of the case before the Court has changed pretty drastically, from a single transaction, to at least 12 transactions that are listed in the indictment, each of which comes with associated paperwork . . . plus the large number of computers that were seized in the execution of two separate search warrants . . . we also received a disk that has a copy of six of the computers, and we received back from the government two personal computers and a laptop computer, and there may have been another drive associated with that, all of which has to be processed and then searched.

See transcript of arraignment attached to Defendant's Motion to Dismiss, Docket No. 182-2. The statements of counsel demonstrate that, had the Court mandated that trial occur within 70 days, there could have been a miscarriage of justice and defense counsel would not have had adequate time to effectively prepare for trial. The Speedy Trial Act excludes such delay from the requirement that a trial be held within 70 days. See 18 U.S.C. § 3161(h)(7)(B)(i) & (iv). Trial was subsequently continued from December 1, 2009 to February 24, 2010, again due, in part, to the need to review voluminous evidence to adequately prepare for trial. The facts demonstrating that this continuance served the ends of justice and outweighed the interests in a speedy trial are recited in co-defendant Milan's motion to continue. See Docket No. 100. The final continuance to March 18, 2010, was based on the defendant's motion and his need to locate, retain and consult with an expert he believed was necessary to his preparation for trial.

The defendant's assertion of a Speedy Trial Act violation arises not because he objected to

the trial date – he did not – and not because he claims the continuances were unnecessary – he does not. Rather, he objects on the technical point that the Court did not make oral or written findings on the record of it reasons for relying on the "ends of justice" provision of the Act. As the defendant notes, Zedner v. United States, 547, U.S. 489 (2006) and the recently decided Bloate v. United States, __ S.Ct __ (2010), 2010WL757660, and indeed the language of the Act, support his general proposition that such findings are required to be on the record. Neither case, however, supports his argument for dismissal of the indictment. Rather, Zedner itself is quite clear that dismissal is an option only if the Court does not record the findings *prior to ruling on the motion to dismiss*:

> Although the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance (the continuance can only be "granted . . . on the basis of [the court's] findings") the Act is ambiguous on precisely when those findings must be "se[t] forth, in the record of the case." However this ambiguity is resolved, at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2).

Zedner, 547 U.S. at 506-07. See also United States v. Henry, 538 F.3d 300, 304 (4th Cir. 2008) ("The court is only required to state its findings on the record by the time it rules on the defendant's motion to dismiss; however, it must be 'clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance.'") (quoting United States v. Keith, 42 F.3d 234, 237 (4th Cir. 1994)) (emphasis added). Based on the record, including the arguments by counsel for both the defendant and Mr. Milan about the volume of evidence and the significant time required to review that evidence, it is clear that the Court conducted the mandatory balancing at the times it set the original trial date and later granted the continuance. Therefore, the government respectfully requests that, prior to ruling on the

defendant's motion to dismiss, the Court simply supplement the record with an oral or written statement of its reasons at those times for finding that the ends of justice were served and outweighed the interests in a speedy trial.

Additionally, at least a portion of the delay in this case is also excludable due to the pendency of motions filed in the case. See 18 U.S.C. § 3161(h)(1)(D) (excluding from speedy trial computation "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." The defendant asserts that only two days are excludable based on a motion he filed but disregards the fact that months of time are excludable due to motions filed by his co-defendant Michael Milan. His error arises from ignoring precedent that, when a prosecution involves multiple defendants, the "time excludable for one defendant is excludable for all defendants." See United States v. Jarrell, 147 F.3d 315, 316 (4th Cir. 1998); see also, United States v. Gutierrez, 48 F.3d 1134, 1136 (10th Cir. 1995) (recognizing delay resulting from codefendant's motion as excludable). Such excludable time includes the pendency of Milan's Motion to Suppress Evidence, which he filed prior to the return of the Superseding Indictment and which was not disposed of until October 27, 2009. See Docket No. 43, Motion to Suppress and Docket No. 116, Order denying Motion to Suppress. All of this time was excludable against the defendant and consequently there cannot have been a violation of the Speedy Trial Act based on a failure to hold trial prior to October 11, 2009.

For the reasons stated above, the government respectfully requests the Court to place on the record its findings from earlier hearings that the trial dates were set to meet the ends of justice and outweighed the interests of the public and the defendant in a speedy trial and, subsequently, to deny the defendant's motion.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By:      /s/
Edmund P. Power
Attorney for the United States
U.S. Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
FAX: 703-299-3981
Email Address:
ed.power@usdoj.gov
Assistant United States Attorney

By:      /s/
Edmund P. Power
Attorney for the United States
U.S. Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
FAX: 703-299-3981
Email Address: ed.power@usdoj.gov
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Steve Webster, Esq.
Aaron S. Book, Esq.
Webster Book LLP
Suite 404
300 N. Washington St.
Alexandria, VA 22314

                                         \s\
                              Edmund P. Power
                              Counsel to the United States
                              Assistant United States Attorney
                              Justin W. Williams U.S. Attorney's Office
                              2100 Jamieson Avenue
                              Alexandria, VA  22314
                              Tel. (703) 299-3806
                              Fax (703) 299-3981
                              Ed.power@usdoj.gov