IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 1:09-cr-228 (TSE) |
| ) | |
| LLOYD MALLORY, ) | |
| ) | |
| Defendant. ) | |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS INDICTMENT FOR
<u>FAILURE TO COMPLY WITH THE SPEEDY TRIAL ACT</u>**

Defendant Lloyd Mallory has moved the Court to dismiss the Superseding Indictment for failure to comply with the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., and provides the following reply to the government's opposition to the motion:

*1.     Accepting The Government's Assertion That The Time Period During Which Co-Defendant's Motions Are Pending Is Excludable, Speedy Trial Still Was Violated.*

Even if the delay during which co-defendant's motions were pending is excluded from the calculation, the Speedy Trial Act nevertheless was violated in this case. The following timeline demonstrates that trial should have commenced, at the latest, on or before January 6, 2010:

**June 29, 2009**: Defendant Michael Milan files a motion to suppress and for *Franks* hearing. Docket No. 43.

**July 23, 2009**: Superseding Indictment. Docket No. 57.

**July 31, 2009**: Arraignment of all defendants. Jury trial set for December 1, 2009, which is outside the 70-day requirement of the Speedy Trial Act. No findings in accordance with 18 U.S.C. § 3161(h)(7)(A) made on the record either orally in writing.

**October 23, 2009**: The Court continues the trial date to February 24, 2010. No findings in accordance with 18 U.S.C. § 3161(h)(7)(A) are made on the record in writing, and, upon information and belief, no findings were made orally by the Court.[1] Docket No. 113.

**October 27, 2009**: Order denying Michael Milan's motion to suppress and for Franks hearing. Docket No. 116.

**November 20, 2009**: Consent motion to modify conditions of release filed by Lloyd Mallory. Docket No. 123.

**November 20, 2009**: Order granting motion to modify conditions of release. Docket No. 124.

Accordingly, under the government's view, the Speedy Trial clock started to run on October 27, 2009, the date that co-defendant Michael Milan's motions were denied. With the exception of Mr. Mallory's motion to modify the conditions of his release, no other motions were filed that would toll the 70-day clock. 70 days after October 27 is January 5, 2010. Taking into account the 1-day exclusion for Mr. Mallory's motion (filed and decided November 20, 2009), the 70-day time period expired on January 6, 2010. Because Mr. Mallory was not tried by this date, the Superseding Indictment should be dismissed.

2.  *Express Findings Cannot Be Inferred From The Record. The Court Must Have Contemporaneously Made The Required Findings At The Time The Continuance Was Granted.*

The government suggests that the record indicates that the court made the required findings. Absent express oral or written findings that appear in the record, only the Court is able to say whether or not it complied with the Act. Both *Zedner* and *Bloate* reinforce the

---

[1] Counsel ordered a copy of the transcript of the October 23, 2009, hearing from the court reporter; however, at the time of the filing of this motion, counsel was still awaiting delivery of the transcript. Counsel will make the transcript available to the Court and the government as soon as it is received.

2

requirement that the ends-of-justice finding must be made by the Court at the time a continuance is granted. The Supreme Court has stated that, although such a finding may be made "in the judge's mind," the analysis and finding must actually be made prior to the decision to extend a trial date past the requirements of the Act. *Zedner v. United States*, 547 U.S. 489, 506 (2006). Counsel does not disagree that these findings may be put on the record at some point after a continuance is granted.[2] *See id*. However, if the Court cannot specifically recall conducting the statutory balancing test on both July 31, 2009, and October 23, 2009—instead, perhaps, relying solely on defendant's written waiver of the Speedy Trial Act in extending the trial date beyond the proscriptions of the Act—then the indictment must be dismissed.

## CONCLUSION

Counsel acknowledge that they requested a trial date beyond the limits of the Speedy Trial Act on Mr. Mallory's behalf both at the July 31, 2009, and October 23, 2009, hearings, that Mr. Mallory concurred in that request, and that the Court honored that request. Nonetheless, under Supreme Court precedent, the Act was violated and the Superseding Indictment must be dismissed.

LLOYD MALLORY
By Counsel

---

[2] The Supreme Court recognized that, in order to avoid confusion, the best practice is "for a district court to put its findings on the record at or near the time when it grants the continuance." *Zedner*, 547 U.S. at 507, n.7.

3

              /s/
Steven T. Webster, Esq.
Virginia Bar No. 31975
Aaron S. Book, Esq.
Virginia Bar No. 43868
Brian C. Athey, Esq.
Virginia Bar No. 66515
Webster Book LLP
300 N. Washington St., Suite 404
Alexandria, Virginia 22314
Phone: 888-987-9991
Fax: 888-987-9991
abook@websterbook.com
Counsel for Defendant Lloyd Mallory

CERTIFICATE OF SERVICE

      I hereby certify that on the 16th day of March 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Stephen P. Learned, Esq.
Edmund P. Power, Esq.
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314


              /s/
Steven T. Webster, Esq.
Virginia Bar No. 31975
Aaron S. Book, Esq.
Virginia Bar No. 43868
Brian C. Athey, Esq.
Virginia Bar No. 66515
Webster Book LLP
300 N. Washington St., Suite 404
Alexandria, Virginia 22314
Phone: 888-987-9991
Fax: 888-987-9991
abook@websterbook.com
Counsel for Defendant Lloyd Mallory