THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

- - - - - - - - - - x
                   :
UNITED STATES OF AMERICA   :
                   :
    -vs-           :   CASE NO. 1:09cr228
                   :
MICHAEL MILAN,       :
                   :
       Defendant.   :
                   :
                   :
- - - - - - - - - - x

Courtroom 900
U.S. District Courthouse
Alexandria, Virginia

Friday, October 23, 2009

The above-entitled matter came on to be heard before the HONORABLE T.S. ELLIS, III, Judge, in and for the United States District Court for the Eastern District of Virginia, 401 Courthouse Square, Alexandria, Virginia, beginning at 10:26 o'clock a.m.

APPEARANCES:

On Behalf of the United States:

EDMUND POWER, ESQUIRE
Assistant U.S. Attorney

On Behalf of Defendant Michael Milan:

NINA GINSBERG, ESQUIRE

APPEARANCES: (cont.)


On Behalf of Defendant Lloyd Mallory:

    STEVEN WEBSTER, ESQUIRE

On Behalf of Defendant Chris Evans:

    DWIGHT CRAWLEY, ESQUIRE


* * *

```
1                    P R O C E E D I N G S
2              THE COURT:  All right, call the next matter.
3              THE CLERK:  Case Number 09 Criminal 228,
4    United States of America versus Michael Milan.
5              Will counsel please state your appearance for
6    the record?
7              MR. POWER:  Good morning again, Your Honor.
8    Ed Power for the United States.
9              THE COURT:  All right, Mr. Power.  Who is here
10   for the Defendant?
11             Ms. Ginsberg, good morning.
12             MS. GINSBERG:  Yes, Your Honor, I'm here on
13   behalf of Mr. Milan, who is in custody.
14             THE COURT:  All right.  We'll await the
15   arrival of Mr. Milan.
16             And who is here for the other defendant?
17             MR. CRAWLEY:  Good morning, Your Honor.
18   Dwight Crawley on behalf of Mr. Chris Evans.
19             THE COURT:  Yes.  Good morning, Mr. Crawley.
20   And Mr. Evans, good morning to you, sir.
21             DEFENDANT EVANS:  Good morning, Your Honor.
22             (Whereupon, Defendant Michael Milan entered
23   the courtroom.)
```

1          THE COURT:  All right.  He is present in the

2    courtroom.  Good morning, Mr. Milan.

3          Let's put Mr. Milan in the first chair because

4    these are his motions.

5          Mr. Crawley, you don't have any motions before

6    the Court today; am I correct?

7          MR. CRAWLEY:  That is correct, Your Honor.

8          THE COURT:  All right.

9          MR. WEBSTER:  Your Honor, Steven Webster for

10   Mr. Mallory, for the record.

11         THE COURT:  All right, so there are -- I'd

12   forgotten.  There were three.

13         MR. WEBSTER:  Yes, sir.

14         THE COURT:  All right.  Good morning, Mr.

15   Webster.  And Mr. Mallory is present in the courtroom.

16   Good morning.

17         DEFENDANT MALLORY:  Good morning, sir.

18         THE COURT:  And, Mr. Power, you're here for

19   the Government.

20         MR. POWER:  Yes, sir.  To be clear, I think

21   there's one motion that does apply to all three

22   defendants.

23         THE COURT:  Which is that?

1          MR. POWER:  Well, the motion to continue

2    applies to all three defendants.

3          THE COURT:  Oh, I see.  Yes.

4          What we have are, I think, six motions: a

5    motion for appointed counsel, from Ms. Ginsberg; a motion

6    to continue the trial date; a motion for Brady material;

7    a motion for the Government to produce 404(b) material

8    twenty days prior to trial; motion to suppress evidence

9    and for a Franks hearing; and a motion to sever the

10   obstruction of justice count.

11         Ms. Ginsberg, let's begin with your motion for

12   appointment of counsel.  You've submitted an affidavit.

13         MS. GINSBERG:  Yes, Mr. Milan submitted the

14   affidavit.

15         THE COURT:  So, I take it he no longer has

16   assets.

17         MS. GINSBERG:  He has no assets, Your Honor.

18         THE COURT:  Now, it would be easy to appoint

19   you, and I am prepared to do so.  Are you prepared to

20   accept that appointment?

21         MS. GINSBERG:  Yes, Your Honor.

22         THE COURT:  The only problem I have with that,

23   Ms. Ginsberg, is the issue of the conflict that was raised

1  in a previous hearing.  That's the only problem I have.

2            Normally, I would take the opportunity to

3  appoint a conflict-free counsel.  What is your view about

4  that?

5            MS. GINSBERG:  Judge, I thought that we'd

6  resolved the issue of the conflict, but maybe if I step --

7  take a step back, I might be able to assist the Court.

8            THE COURT:  All right.

9            MS. GINSBERG:  I think it's appropriate to

10  advise the Court that there have been some plea

11  discussions.  If --

12            THE COURT:  All right -- I don't need to know

13  about that.

14            MS. GINSBERG:  I'm not going to discuss --

15            THE COURT:  I don't even need to know about

16  them.  Let's do this.  I'll go ahead and appoint you today

17  as counsel.  However, what's the date of the motion for

18  the affidavit?

19            MS. GINSBERG:  This past -- I believe the end

20  of last week.

21            THE COURT:  All right -- I'll issue an order

22  that you were appointed counsel nunc pro tunc back to that

23  date.  All right?

1          MS. GINSBERG:  Yes.

2          THE COURT:  And you're appointed.  So, that

3    motion is granted.

4          MS. GINSBERG:  Thank you, Your Honor.

5          THE COURT:  Now let's -- we'll deal later if

6    there's any problem.

7          MS. GINSBERG:  I understand Your Honor's

8    concern.  And I think if Your Honor would consider hearing

9    the continuance motion first, the Government -- I think

10   this is an unopposed motion.  The Government and I both

11   believe that it might be very possible to save the Court's

12   resources and put off any decision on the other

13   substantive motions.

14         THE COURT:  Well, the other matters are fully

15   briefed.

16         MS. GINSBERG:  Yes, sir.

17         THE COURT:  So, I'll tell you what I'm going

18   to do.  Let me -- the continuance motion, which I rarely

19   grant, is unopposed.

20         Is that right, Mr. Power?

21         MR. POWER:  That's correct, Your Honor.  In

22   fact, we joined the motion.

23         THE COURT:  That's right.  And other counsel

1    are in agreement?

2              MR. WEBSTER:  We are, Your Honor, for Mr.

3    Mallory.

4              THE COURT:  Mr. Crawley?

5              MR. CRAWLEY:  Your Honor, may I address the

6    Court?

7              THE COURT:  Yes, you may.

8              MR. CRAWLEY:  Your Honor, as the Court may be

9    aware, my client is scheduled to enter a plea on the 27th,

10   so we do not at this point believe we have a stake --

11             THE COURT:  Well, as a practical -- as an

12   actual matter, no, I wasn't aware of that.

13             MR. CRAWLEY:  Oh, I'm sorry, Your Honor.  I

14   thought the Court was aware.

15             THE COURT:  It may be scheduled in my

16   chambers, but I don't -- I didn't know that.  But all

17   right -- so, it is of little consequence to you.

18             MR. CRAWLEY:  That is correct, Your Honor.

19   And we would ask further that if the Court is inclined to

20   take up the additional motions that we be excused from

21   those hearings today.

22             THE COURT:  Well, it's going to be done fairly

23   quickly, Mr. Crawley.  You needn't worry about that.

1          MR. CRAWLEY:  Oh, all right.  Thank you, Your

2     Honor.

3          THE COURT:  All right.  I'm going to grant the

4     motion to continue.  The question is, the trial date is

5     currently December 1st --

6          MS. GINSBERG:  That's correct, Your Honor.

7          THE COURT:  And what date have you all

8     discussed?  Not that I may be persuaded by that, but I'm

9     certainly --

10          MR. POWER:  Your Honor, I believe the

11     Defendant asked for a date four months -- excuse me -- a

12     continuance for four months.  The only conflict for myself

13     within that time is I have securities for my trial

14     scheduled to begin on January 13th.  I would anticipate

15     that trial taking approximately three weeks; that's before

16     Judge O'Grady.

17          So, we would request a date in late February

18     or early March, and I believe that's within the four-month

19     time frame.  Certainly, if the Court would like to go a

20     full four months, we would not object to that.

21          THE COURT:  Ms. Ginsberg -- or other counsel,

22     does that sound about right?

23          MS. GINSBERG:  Your Honor, that sounds good.

1          THE COURT:  All right.

2          MR. WEBSTER:  Your Honor, may I address the

3   Court on behalf of Mr. Mallory?

4          THE COURT:  Yes, you may.

5          MR. WEBSTER:  Your Honor, you may remember

6   that Mr. Mallory is a CPA, and he is actively practicing

7   his profession.  Setting a date immediately before that

8   April 15th deadline that we're all so familiar with would

9   be --

10          THE COURT:  Oh, I'm looking at February.

11          MR. WEBSTER:  Yes, Your Honor.

12          THE COURT:  I'm looking at February 16th,

13   10:00 a.m. with a jury.  It's almost four months but not

14   quite.  And that --

15          Your case should be over by then?

16          MR. POWER:  I would anticipate it ending by

17   probably the first week of February, Your Honor.

18          THE COURT:  All right.

19          MR. POWER:  As the Court knows, there's always

20   a little bit of time when I start to talk to witnesses

21   prior to trial that would actually, I think, shorten the

22   trial, given the opportunity to prepare.

23          If the Court would be inclined to push it a

1    bit more towards the end of February, I think that would

2    be advantageous.

3              THE COURT:  Ms. Ginsberg, how about February

4    24th at 10:00 a.m.?

5              MS. GINSBERG:  Your Honor, that's fine.

6              THE COURT:  All right.

7              And Mr. Webster?

8              MR. WEBSTER:  That's fine with us, Your Honor.

9              THE COURT:  All right.  You may be seated.

10             MR. WEBSTER:  Thank you.

11             THE COURT:  The other motions have been fully

12   briefed, and the record, I think, adequately reflects the

13   facts and the issues, with one exception that I'm going

14   to --

15             Is there a discovery order entered in this

16   case?

17             MR. POWER:  There has been a discovery order

18   entered, Your Honor.

19             THE COURT:  And there is -- and there's

20   essentially been open file discovery?

21             MR. POWER:  Essentially yes, Your Honor.  I

22   have not provided Jencks material or Giglio information at

23   this point.

1          THE COURT:  All right.

2          MR. POWER:  That will be forthcoming.

3          THE COURT:  All right.  So, I've granted the

4    motion for appointment of counsel; I've granted the motion

5    for a continuance.

6          The motion to sever counts, I will deny.

7    Under the Federal Rules of Criminal Procedure, it is

8    appropriate for the Government to join related counts.

9    These are related.

10          However, another rule of Federal Criminal

11    Procedure says that a motion may be made to sever those if

12    there is sound reason, prejudice to the defendant.

13          I looked at this matter for some time.  The

14    parties have filed briefs on it.  It's pretty clear that

15    the ten fraud counts -- or is it eleven?  It's ten --

16    there's ten fraud counts --

17          Is that right, Mr. Power?

18          MR. POWER:  There's a conspiracy count, Your

19    Honor, and then I believe there are nine fraud counts --

20          THE COURT:  Nine substantive counts.

21          MR. POWER:  Yes, Your Honor, and aggravated

22    identity theft.

23          THE COURT:  And then, so Count XII is the

1    obstruction count?

2            MS. GINSBERG:  Yes, sir; that's correct.

3            THE COURT:  All right.  So, there are eleven

4    counts that are either conspiracy or substantive bank

5    fraud counts and one identity theft count which goes along

6    with those.

7            And then the twelfth count is the obstruction

8    of justice which relates to the episode in which this

9    defendant fled to Iran, and when he came back he was

10   arrested and there was a hearing, and at the hearing the

11   Government would attempt to show that he was going to

12   offer evidence that he was incarcerated in Iran and that

13   that's why he couldn't return.  And the Government was

14   going to show that the documents that he intended to offer

15   were fraudulent documents, and that would be obstruction

16   of justice.

17           Now, the reason for that being inextricably

18   intertwined with the fraud count is if you can show that

19   as part of the fraud case to show consciousness of guilt

20   when he flees and the like.  So, it's admissible and it

21   would come in.

22           By the same token, if we tried the obstruction

23   count separately, the jury would -- that jury would have

1    to hear all about the fraud case as to know why he fled

2    and so forth.

3           So, it would involve two juries hearing

4    essentially similar evidence -- they're closely related --

5    and that's why it's appropriate to join them.  And I don't

6    see unfair prejudice that requires a severance, so I'm

7    going to deny that motion.

8           I also have reviewed carefully the twenty-

9    three false statements relating to what's alleged to be

10   false statements in the affidavit supporting the search

11   warrant.

12          It is the law, of course, that if the

13   defendant shows a prima facie case that these -- that

14   their statements are false or that they were knowingly

15   false or made with reckless disregard or that they were

16   material to the probable cause determination, then there

17   would be a hearing at which evidence would be adduced on

18   that.

19          I've reviewed this record and all twenty-three

20   of these --

21          I've come to expect, Ms. Ginsberg, that you do

22   a very thorough job, and it is helpful that you put all of

23   those and that the motion is far from frivolous.  It's a

1   substantial motion.

2           But I looked at all of those and determined

3   that, as I will put in an order, they were either not

4   false, or not materially false, and not made recklessly or

5   deliberately.

6           So, I will deny the motion for a Franks

7   hearing and to suppress the evidence, because there's

8   probable cause, ample probable cause, to support the

9   search.

10          I don't address the 404(b) or Brady motions.

11  I will postpone those.  Let's wait and see what happens.

12          If the matter is not disposed of otherwise,

13  Mr. Webster and Ms. Ginsberg, you call that back to my

14  attention.

15          In the first place, I don't know if there is

16  any 404(b) evidence.  And, I take it, Mr. Power, you're

17  not prepared at this time to tell me whether there is or

18  there isn't.

19          MR. POWER:  We haven't made that determination

20  yet, Your Honor.  And frankly, there's no indication --

21          THE COURT:  Here's what concerns me, so that

22  you know if this happens.

23          I can anticipate why there might be 404(b).

1   404(b) evidence might consist of other fraudulent activity

2   relating to loans and the like, and that would involve

3   lots of documents.

4           And so, there may be, if you came up with five

5   or six or ten of those -- I might think that that would

6   require that you provide them a bit earlier so that they

7   can have an opportunity to look into them rather than

8   what's currently required under the Court's order.

9           MR. POWER:  But certainly, Your Honor, I think

10   at this point I can state that right now we do not intend

11   to offer documents relating to deals not alleged in the

12   indictment.

13           THE COURT:  All right.  But we'll postpone

14   this matter, though, to the future.

15           MR. POWER:  And I will say, just for the

16   record, Your Honor, I think there could be testimony from

17   witnesses to the effect of other fraudulent activities in

18   general as a pattern and practice.

19           THE COURT:  Well, that may raise the same

20   problem as documents.

21           MR. POWER:  Yes, sir.

22           THE COURT:  We'll have to wait and see.

23           All right, so I have dealt with four of the

1     six motions, and there was one other motion.

2              Was that yours, Mr. Webster?

3              MR. WEBSTER:  No, Your Honor.

4              THE COURT:  Was there -- I have dealt with

5     the motion to appoint counsel that we nunc pro tunc'd to

6     the date of the affidavit, Ms. Ginsberg, so that you may,

7     when you submit your voucher -- you can go back to that

8     date.

9              MS. GINSBERG:  Yes, Your Honor.

10             THE COURT:  All right.  Next, I granted the

11    motion for a continuance, I postponed -- deferred the

12    Brady material one, but I note -- well, let me do this.

13            I've looked at the order.  The order requires

14    that the Government produce -- and the law requires that

15    the Government produce exculpatory material.

16            The only thing that I can see that the

17    Government has not done -- now, they may uncover

18    exculpatory material in the future which they're obligated

19    to turn over -- but the only thing they haven't done yet

20    is Giglio, which they are required to produce.

21            But it's hard for the Government to make a

22    determination about Giglio until they've made their sort

23    of final determination about the witnesses.

1          Is that right, Mr. Power?

2          MR. POWER:  Yes, Your Honor, and additionally

3    the Jencks material.

4          THE COURT:  And Jencks material.  Well, that's

5    covered by the current order.

6          MR. POWER:  Yes, sir.

7          THE COURT:  I read this motion because it

8    also seems to suggest that there is Brady material of the

9    exculpatory nature that hasn't been produced, but it

10   doesn't identify that.

11         MR. POWER:  Your Honor, I sent an email to Ms.

12   Ginsberg to try to answer a few of her specific questions

13   along those lines.  But that's just -- I answered the

14   specific questions that I could answer.  If we find other

15   information, I'll --

16         THE COURT:  Well, let's do this.  I'll deny

17   the motion with leave for you to renew it if you find that

18   there is something specific you believe exists and has not

19   been produced -- or some source that you think has not

20   been tapped.

21         MS. GINSBERG:  I understand, Your Honor.  And

22   the reason for the request is the different standards that

23   are applied in subsequent review whether -- depending on

1    the specificity of the request.

2              I believe that Mr. Power -- he has essentially

3    given us open file, but I do believe that there may be

4    exculpatory evidence that is within the knowledge of his

5    witnesses that he may learn and has not already --

6              THE COURT:  Well, then he has an obligation.

7    He knows that.

8              MS. GINSBERG:  I'm sure he does.

9              THE COURT:  And I'm sure he will produce.

10             MS. GINSBERG:  Yes.  But I think that in order

11   to protect Mr. Milan's rights on appeal, the specificity

12   of the request is (inaudible).

13             THE COURT:  All right.  And I'll deny the

14   motion with leave for you to renew it should you have

15   reason to believe that Brady material exists and has not

16   been disclosed.

17             All right, then.  The motion to suppress, I

18   denied; the motion to sever, I denied.

19             I thank counsel for your cooperation.

20                         *  *  *

21             (Whereupon, at approximately 10:42 o'clock

22   a.m., the hearing in the above-entitled matter was

23   concluded.)

* * * * *

CERTIFICATE OF REPORTER


        I, KATHLEEN M. ELIAS, a Certified Verbatim

Reporter, do hereby certify that I took the stenographic

notes of the foregoing proceedings which I thereafter

reduced to typewriting; that the foregoing is a true

record of said proceedings; that I am neither counsel for,

related to, nor employed by any of the parties to the

action in which these proceedings were held; and, further,

that I am not a relative or employee of any attorney or

counsel employed by the parties hereto, nor financially or

otherwise interested in the outcome of the action.




                              _____
                              Kathleen M. Elias, CVR
                              Certified Verbatim Reporter