IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:09cr228 |
| | ) | |
| LLOYD MALLORY, | ) | |
| Defendant. | ) | |

## ORDER

The matter is before the Court on defendant Lloyd Mallory's motion to dismiss the

indictment in this case pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. Mr. Mallory

argues that in granting the continuances in this matter—for which Mr. Mallory himself asked,

through counsel—the Court failed to consider the factors required by the Speedy Trial Act, §

3161(h)(7), and that this statutory violation warrants dismissal of the indictment. The matter has

been fully briefed, and oral argument was heard on Thursday, March 17, 2010. Accordingly, the

matter is now ripe for disposition.

## I.

Mr. Mallory is charged in a superseding indictment, issued July 23, 2009, on counts

alleging (i) conspiracy to commit mail fraud and wire fraud, (ii) mail fraud, and (iii) wire fraud.

Mr. Mallory's two alleged co-conspirators, Michael Milan and Chris Evans, were charged in the

same indictment; both have subsequently pled guilty. During the arraignment hearing held on

July 31, 2009, all three defendants signed waivers of their speedy trial rights[1] and orally

---

[1] While they are regularly signed as a matter of course, speedy trial waivers do not
suspend applicability of the Speedy Trial Act and, as discussed below, they were not relied on for
this purpose. *See Zedner v. United States*, 547 U.S. 489, 503 (2006).

requested a six-month continuance. In connection with this request, the following exchange between the Court and counsel Mr. Mallory occurred:

> THE COURT: Do other counsel wish to be heard on that? Mr. Webster? Do it in order.
>
> ATTORNEY WEBSTER: Yes, your Honor. The nature of the case before the Court has changed pretty drastically, from a single transaction, the conspiracy count, where we were focused on a single transaction, to at least 12 transactions that are listed in the indictment, each of which comes with associated paperwork. And Ms. Ginsberg [counsel for Mr. Milan] mentioned --
>
> THE COURT: There are 12 real estate transactions.
>
> ATTORNEY WEBSTER: That's correct; plus the large number of computers that were seized in the execution of two separate search warrants. As Ms. Ginsberg said, we also received a disk that has a copy of six of the computers, and we received back from the government two personal computers and a laptop computer, and there may have been another drive associated with that, all of which has to be processed and then searched.

Upon considering this request, and after hearing the government's position, the Court found that the defendants' request for six months was excessive and instead ruled as follows:

> THE COURT: Well, I'm going to set the case to begin with a jury on Tuesday, December 1st. Six months is too much. I think even the amount I provided -- August, September, October, November, that's four months -- is more than enough for a case that really involves no more than, what is it, 12 real estate transactions?

Thus, upon considering defense counsel's representations concerning the amount of time necessary to prepare adequately for trial, the motions to continue were granted in part insofar as defendants were given four of the six months that they requested to prepare for trial.

Accordingly, the trial was scheduled for December 1, 2009.

Thereafter, on October 9, 2009, Mr. Milan filed several motions, including (i) a motion to continue the trial, (ii) a motion to sever counts, (iii) a motion for discovery, and (iv) a motion for appointment of counsel. In the motion to continue, Mr. Milan, through counsel, indicated that

> given the amount of work involved, including the number, factual and legal complexity of the charges, the volume of documentary and computer evidence being produced in discovery, and the recent exhaustion of the defendant's financial resources, the defense cannot keep pace with the government or prepare an adequate defense in the time available. The defense, therefore, respectfully requests that the trial be continued for at least four months. Counsel has conferred with the prosecution and the lawyers representing co-defendant Lloyd Mallory. Neither party opposes the proposed continuance request.

During a hearing held on October 23, 2009, all defendants, including Mr. Mallory, indicated that they were "in agreement" on the motion to continue. Accordingly, the motion was granted, and the trial was rescheduled for February 24, 2010.

Mr. Milan and Mr. Evans subsequently both entered into plea agreements with the government and changed their pleas to guilty. Then, on February 16, 2009, just days before the scheduled February 24, 2009 trial, Mr. Mallory filed another motion to continue the trial. In his motion, Mr. Mallory, through counsel, represented that he had somehow been surprised by the government's disclosure of proposed expert testimony, and that he required additional time in order to procure an expert of his own. Without additional time, Mr. Mallory stated that he would be "prejudice[d]" and "unfairly distract[ed]." During a hearing held on February 19, 2010, counsel for Mr. Mallory stated that he needed an additional two weeks in order to procure an expert. On this basis, the trial was rescheduled for the first available trial date, Thursday, March 18, 2010.

In summary, the Court did not rely on the defendants' speedy trial waivers in granting the continuances. To the contrary, the continuances were granted on the basis of the repeated

representations by Mr. Mallory's counsel that additional time was necessary in order to prepare an adequate defense for his client. They were granted upon serious consideration of the extent to which the continuances were necessary to serve the interests of justice.

## II.

Under the Speedy Trial Act, district courts must consider, before granting a continuance extending beyond the Speedy Trial Act's 70-day period, whether "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In conducting this balancing test, courts should consider "whether the case is complex or unusual, whether counsel need additional time to prepare effectively, and whether delay is necessary to ensure continuity of counsel." *United States v. Henry*, 538 F.3d 300, 304 (4th Cir. 2008). In this regard, the Fourth Circuit has concluded that the district court "is only required to state its findings on the record by the time it rules on the defendant's motion to dismiss; however, it must be 'clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance.'" *Id.* (quoting *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994)).[2] Thus, as the parties agree, there is no talismanic

---

[2] The Fourth Circuit appeared to suggest in *Henry* that the Supreme Court agreed with this conclusion in *Zedner v. United States*, 547 U.S. 489, 506–07 (2006), when in reality, *Zedner* clearly reserves judgment on the question. Indeed, *Zedner* merely concludes that whether or not the findings must be made on the record at the time of granting the continuance, the findings must be set forth, at the very least, by the time of the ruling on the motion to dismiss. *Id.* at 507. Nonetheless, until reversed by the Supreme Court, it is the law of the Fourth Circuit, and of several others, that the findings need not be put on the record at the time the continuance is granted. *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir. 1989); *United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir. 1985); *United States v. Crane*, 776 F.2d 600, 606–07 (6th Cir. 1985); *United States v. Bryant*, 726 F.2d 510, 511 (9th Cir. 1984); *United States v. Elkins*, 795 F.2d 919, 924 (11th Cir. 1986), *cert. denied*, 479 U.S. 952 *(1986); United States v. Edwards*, 627 F.2d 460, 461 (D.C. Cir. 1980), *cert. denied*, 449 U.S. 872 (1980). Additionally, nothing in the Supreme Court's recent opinion in *Bloate v. United States*, No. 08-728 (U.S. Mar. 8, 2010)

requirement that the "ends of justice" factors be enunciated at the time that the continuance is granted as long as they are considered, "at least in the judge's mind," at that time and put on the record by the time of the ruling on the motion to dismiss. *Henry*, 538 F.3d at 304 (quoting *Zedner*, 547 U.S. at 506).

In this respect, it is clear from the motions and transcripts quoted above that the Court carefully considered the reasons proffered by defense counsel for granting a continuance and concluded that the ends of justice were served by providing additional time to prepare adequately for trial. Contrary to Mr. Mallory's counsel's suggestion, the Court did not rely on the waivers signed by the defendants in open court. Rather than the waivers, the Court relied on the representations of defense counsel—including counsel for Mr. Mallory—that these continuances were necessary to serve the ends of justice. Indeed, defense counsel were required to show why the continuance was necessary in order adequately to prepare for trial, and where the Court found that six months requested was not necessary, only a four-month continuance was granted. This is strong record evidence that the relevant factors were considered at the time that the continuance was granted.

Additionally, to be clear, the continuances granted were, in fact, reasonably necessary in order to serve the ends of justice, and these ends outweighed the interest of the public and Mr. Mallory in a speedy trial. This was particularly true in light of the complex nature of this fraud conspiracy case, the fact that there were three defendants with potentially conflicting defenses, the significant amount of electronic evidence in issue, and the fact that Mr. Milan had only a single court-appointed lawyer. Thus, the factors required for a continuance under § 3161(h)(7)

_____

changes this analysis.

were clearly satisfied and the continuances were granted for this reason.[3]

Accordingly, and for good cause,

It is hereby **ORDERED** that defendant's motion to dismiss the indictment is **DENIED**.

The clerk is directed to send a copy of this Order to all counsel of record.


Alexandria, Virginia
March 19, 2010

_____

T. S. Ellis, III
United States District Judge

---

[3] It is worth noting that had any Speedy Trial Act violations occurred, the dismissal of the indictment would have been without prejudice. Indeed, each of the statutory factors governing this issue militate in favor of a non-prejudicial dismissal: (i) the seriousness of the offense, (ii) the facts and circumstances leading to dismissal, and (iii) the impact of a reprosecution on the administration of justice. § 3162(a)(2). In particular, the fact that defendant repeatedly requested the continuances that were granted and cited reasons that fell within the scope of the ends-of-justice analysis is a circumstance strongly favoring a non-prejudicial dismissal.