IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MAR 3 0 2010

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:09cr228 |
| | ) | |
| LLOYD MALLORY, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

At issue on defendant Lloyd Mallory's objection to the government's motion for admission of evidence is whether a criminal defendant is constitutionally entitled to cross-examine a certifying business records custodian before the business records can be admitted. Specifically, Mr. Mallory contends that the records custodian's Rule 902(11) certification may not be relied on in admitting the business record because the certification is testimonial evidence against the defendant as that phrase is understood by *Melendez-Diaz v. Massachusetts*, 557 U.S. ___, 129 S. Ct. 2527 (2009), and thus the custodian must testify in person. For the reasons set forth herein, Mr. Mallory has no Sixth Amendment right to cross-examine the records custodian, and therefore the certification was properly relied on in admitting the business records into evidence.

I.

Mr. Mallory is charged in a superseding indictment with (i) conspiracy to commit wire and mail fraud pursuant to 18 U.S.C. § 1349, (ii) wire fraud pursuant to 18 U.S.C. § 1343, and (iii) mail fraud pursuant to 18 U.S.C. § 1341. More specifically, the indictment accuses Mr. Mallory, who is an accountant, of participating in a conspiracy to obtain home loans fraudulently

by furnishing coconspirators with false tax records and other fraudulent documents. The indictment further charges that interstate wire transmissions and the services of a private mail carrier were utilized in furtherance of this scheme to defraud. A jury trial began on Friday, March 19, 2010.

Essential to the mail fraud count with which Mr. Mallory is charged is evidence that on or about June 5, 2008, in furtherance of the fraud scheme, a parcel was sent via FedEx, a private interstate mail carrier, from Suntrust Bank in Nashville, Tennessee, to Chris Evans, one of Mr. Mallory's alleged coconspirators, in Reston, Virginia.[1] In aid of proving this count, the government sought to introduce into evidence a FedEx tracking record documenting the transmission of this parcel. Approximately one month prior to trial, the government furnished defense counsel with a copy of this tracking record and a document entitled "Certification of Business Records" signed "under penalty of perjury" by Tashawn Pirela, a FedEx records custodian. In the certification, Ms. Pirela declares, in accordance with Rule 902(11), as follows:

> [T]he documents are original records or true copies of records that were:
>
> 1. made at or near the time of the occurrence of the matters described in the documents, by (or from information transmitted by) a person with knowledge of those matters;
>
> 2. kept in the course of regularly conducted business activity; and
>
> 3. made by the said business activity as a regular practice.

Thus, in complying with Rule 902(11), the certification declares the manner in which the record was created and maintained and therefore satisfies the business records requirements of Rules

---

[1] The use of the mails or a private interstate carrier in furtherance of the scheme or artifice to defraud is an essential element of the mail fraud offense. *See* 18 U.S.C. § 1341.

803(6) and 902(11). Indeed, through its letter to defense counsel, the government provided Mr. Mallory with ample notice that it intended to seek admission of the tracking record into evidence pursuant to Rules 803(6) and 902(11).

Yet, at no point during the month between the government's notice of intent to use the FedEx record and the start of trial did defense counsel challenge or object to the admissibility or reliability of the record. Then, on the final day of the government's case in chief, March 24, 2010, when the government sought to introduce the FedEx record, defendant objected, arguing that the certification is testimonial evidence and he is therefore entitled to confront and examine the certifying records custodian. Oral argument was heard, after which defendant's objection was overruled from the bench. The tracking record and accompanying certification were thus admitted into evidence.[2] This Memorandum Opinion memorializes and elaborates upon the reasons for the bench ruling in this matter.

## II.

The Sixth Amendment guarantees criminal defendants the right "to be confronted with the witnesses against him." In its seminal ruling in *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court, in an opinion authored by Justice Scalia, held that this right of confrontation extends to all testimonial evidence against the criminal defendant, including in-court testimony and out-of-court "statements that declarants would reasonably expect to be used prosecutorially." 541 U.S. at 52 (quoting *White v. Illinois*, 502 U.S. 346, 365 (1992)). The Supreme Court further elaborated on the scope of the Confrontation Clause in *Melendez-Diaz v.*

---

[2] The tracking record was sent to the jury, but the Rule 902(11) certification was not sent to the jury on the ground—with which the government agreed and to which Mr. Mallory did not object—that the certification itself was not probative of Mr. Mallory's guilt or innocence.

*Massachusetts*, 129 S. Ct. 2527 (2009). There, a five-justice majority found, in a criminal drug trafficking prosecution, that a state forensic examiner's certification that the tested substance contained cocaine was testimonial evidence against the defendant that triggered the Sixth Amendment confrontation right. In so holding, Justice Scalia concluded broadly that certificates prepared in anticipation of litigation are *testimonial* because they are "functionally identical to live, in-court testimony." 129 S. Ct. at 2532. Moreover, the certification in that case was testimonial evidence *against the defendant* because it "prov[ed] one fact necessary for his conviction—that the substance he possessed was cocaine." *Id.* at 2533.

The opinion's broad language admits of precisely "one narrow exception" to the confrontation right, in existence at the Founding, allowing a records clerk "by affidavit [to] *authenticate* or provide a copy of an otherwise admissible record." *Id.* at 2538 (emphasis in original). This clerk could "certify to the correctness of a copy of a record kept in his office." *Id.* (quoting *State v. Wilson*, 75 So. 95, 97 (La. 1917)). Such a certification was admissible, notwithstanding that it was "prepared for use at trial," even if the defendant was not permitted to confront the certifying clerk. *Id.* Based on this historical exception, the *Melendez-Diaz* majority stated the right of confrontation does not apply with respect to declarations that certify the correctness of records. Thus, if the certification in issue here falls within this exception, it is not testimonial evidence against the defendant covered by the Sixth Amendment right of confrontation.

It is pellucidly clear that the FedEx custodian's certification falls within the scope of the historical authentication exception as it is described in *Melendez-Diaz*. In contrast to the declaration in issue in *Melendez-Diaz* certifying that the substance tested positive for cocaine,

which declaration did not fall within this exception, the FedEx custodian's certification in this case does not comment on the content or meaning of the record. The certification does not, for example, state that the record shows that a parcel was sent from entity A to entity B on a given date. Such a declaration, under *Melendez-Diaz*, would likely be testimonial evidence covered by the Confrontation Clause. The declaration here in issue, in contrast to the *Melendez-Diaz* declaration, merely certifies that the tracking records are "original records or true copies of records," and that they were (i) made at or near the time of the occurrence of the matters described, (ii) kept in the course of regularly conducted business activity, and (iii) made as a result of the business activity as a regular practice. None of these statements offer any prohibited commentary on the meaning or content of the record itself. Put simply, the certification describes only the manner in which the document was produced and maintained.[3] Thus, because it does not attempt to describe or decipher the content of the business record, it is plain, under *Melendez-Diaz*, that this declaration falls within the authentication exception and therefore does not trigger the confrontation right.[4]

---

[3] Mr. Mallory does not dispute that the FedEx tracking record is nontestimonial evidence that falls within the business records exception of Rule 803(6). Mr. Mallory did contend that the custodian's certification was defective under Rule 902(11) because it did not specify the record to which it referred. This objection was overruled by bench ruling on March 24, 2010 based on the government's undisputed factual proffer—subsequently confirmed by an FBI Special Agent's sworn trial testimony—that the certification was stapled to the tracking record in issue and the envelope containing the certification and tracking record contained no other documents.

[4] This rule accords with pre-*Melendez-Diaz* case law from other circuits. *See, e.g., United States v. Adefehinti*, 510 F.3d 319, 328 (D.C. Cir. 2008); *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006). It is also consistent with an unpublished Fourth Circuit opinion issued post-*Melendez-Diaz*. *See United States v. Gitarts*, 341 F. App'x 935, 940 (4th Cir. 2009). In that case, however, the criminal defendant appeared to assert that the business record itself was testimonial; he did not contest the certification itself. *See id.*

Counsel for Mr. Mallory argues that the authentication exception is limited to certification of *public* records, and thus does not apply to the business records of a private mail carrier such as FedEx. But this distinction is not supported by the language of either the majority or the dissent in *Melendez-Diaz*.[5] Nor is there any material difference, for these purposes, between a certification of a public record and a certification of a record produced in the regular course of business, a conclusion that is bolstered by the fact that both public records and records of regularly conducted business activity are self-authenticating and admissible under Rule 902 when accompanied by qualifying certifications of a records custodian. *See* Rule 902(4) and (11), Fed. R. Evid.[6] There is, therefore, no reason to limit the authentication exception to public records, and the exception applies, under the plain terms of *Melendez-Diaz*, to certifications of private business records such as the record in issue here.

The bench ruling overruling Mr. Mallory's objection emphasized that the certification was not subject to exclusion under *Melendez-Diaz* because, in Justice Scalia's terms, the evidence was not "against the defendant." In relying on this language, the ruling misinterpreted the import of Justice Scalia's statement. Although the FedEx custodian's certification is directly

---

[5] It is true that the *Melendez-Diaz* dissent notes that the classic example of this authentication exception is the declaration by a public records clerk, in a bigamy trial, of the correctness of a record documenting the defendant's prior marriage. 129 S. Ct. at 2553 (Kennedy, J., dissenting). But neither the majority nor the dissent contends—or even suggests—that the applicability of the exception hinges on whether the record being certified is public or private in nature.

[6] Indeed, the very purpose of Rule 902(11), promulgated by the Supreme Court in 2000, is to allow for the admission of records of regularly conducted business activity without requiring the testimony of a witness. *See* 529 U.S. 1189 (Apr. 17, 2000) (Order), 146 Cong. Rec. 6328 (2000). To sustain Mr. Mallory's objection would amount to the absurd conclusion that the Supreme Court only ten years ago promulgated a rule that is unconstitutional in a significant percentage of its applications.

probative only of the admissibility of the tracking record and not of Mr. Mallory's guilt or innocence, Justice Scalia's opinion suggests that any evidence that does not support the defendant's case is evidence against him, and "there is not a third category of [testimonial evidence], helpful to the prosecution, but somehow immune from confrontation." 129 S. Ct. at 2934. Application of this rule indicates that the FedEx custodian's certification is in fact testimonial evidence against the defendant. But this does not mean that the constitutional confrontation right is triggered because *Melendez-Diaz* also holds that the Framers incorporated into the Confrontation Clause this singular historical authentication exception.

### III.

In sum, the Sixth Amendment right of confrontation does not include a right to examine a records custodian who does nothing more than provide a Rule 902(11) certification for records created in the course of a regularly conducted business activity. Accordingly, Mr. Mallory's objection was appropriately overruled.

Alexandria, Virginia
March 30, 2010

_____
T. S. Ellis, III
United States District Judge